## Ex Parte Frank Moody.

[61 South. 741.]

1. CRIMINAL LAW. *Imprisonment. Habeas corpus. Laws* 1908, *Chapter* 109. *Code* 1906, *section* 2447. *Discharge.*

Under laws 1908, chapter 109, so providing, a warrant of detention is the sole authority under which a county convict manager can detain a convict in custody, and in the absence of such warrant such convict is entitled to his discharge under a writ of *habeas corpus.*

2. HABEAS CORPUS. *Imprisonment. Discharge. Code* 1906, *section* 2447.

Where a county convict manager has no detention warrant for his prisoner, such prisoner is entitled to be discharged under a writ of *habeas corpus;* notwithstanding section 2447, Code 1906, provides that if it appear on any trial of *habeas corpus* that the relator is held by virtue of proceedings against him for crimes which are invalid, the judge shall not discharge the relator, but shall commit him or require bail for him.

3. SAME.

Before the court can inquire into whether or not there is a valid and unexecuted sentence outstanding against relator, the party holding him in custody must produce a detention warrant. Without it all further inquiry is closed.

APPEAL from the chancery court of Perry county. HON. J. M. STEVENS, Chancellor.

*Ex parte* petition by Frank Moody for a writ of *habeas corpus* directed to the county convict manager. From a judgment dismissing the writ, relator appeals. The facts are fully stated in the opinion of the court.

*D. K. McDonald,* for appellant.

According to our view of the law applicable to this case the appellant herein should have been discharged before the chancellor upon the failure of the respondent E. Small, to show the proper authority for his detention.

The petition presented by appellant shows that the petitioner was arrested in Beaumont, Miss. on the 16th day of October, A. D. 1912, by H. P. Cosper; this is admitted by the answer as being true. Respondent, appellee, failed to show any writ by virtue of which H. P. Cosper could have arrested appellant. The law requires the sheriff on delivery of a convict to the convict manager to deliver also to the convict manager a warrant of detention and this is his sole authority for detaining the convict. This warrant of detention should show the class and the amount that the convict should receive also the time when he should be discharged, etc. The warrant of detention should be preserved for future reference and when the convict is discharged should be delivered to him. See Laws of 1908, section 13, chapter 109, page 104.

The petitioner and appellant herein should have been discharged if we have the proper conception of the law in the first instance upon his failing to file a copy of the detention warrant with his answer and produce the original upon the hearing of the case. The proper exceptions were taken to the answer and the proper objections were interposed to testimony of respondent in endeavoring to establish the warrant of detention but was overruled by the court. See Laws of 1906, section 2459, 3 paragraph of said section.

The testimony further shows that appellant was convicted and sentenced upon this charge Feb. 24, 1911 fined twenty-five dollars, cost of court sixteen dollars and eighty-five cents, delivered to E. M. Combs, convict manager, on the 24th day of February to be discharged on Oct. 1, 1911. On June 24, 1912, petitioner was convicted of two other charges before the same identical Magistrate, H. P. Cosper, one for escape and the other for gaming, the one for escaping he was sentenced to imprisonment for fifteen days and to pay cost of seven dollars and twenty cents, should have been discharged

the 5th day of August A. D. 1912, cost and sentence shown to have been satisfied. On the other for gaming fine and cost thirteen dollars, should have been discharged Sept. 25, 1912. Fine and cost shown to have been paid. Petitioner upon the last two charges was delivered to E. Small, convict manager, and shown to have satisfied both sentences and should have and must have been discharged by said E. Small. On the 16th day of October, 1912, H. P. Cosper, in Beaumont, Miss., arrests appellant and turns him over to E. Small, convict manager, without any authority of law so to do. There is nothing in the record to show that this petitioner was a fugitive from justice, there is nothing in the record to show that the appellant was an escape upon the charge and conviction of larceny which occurred Feb. 24, 1911. The law is very clear upon this particular point, it is the duty of the court to direct that the sentences be satisfied in their regular order and unless it so directs and the latter are satisfied first the former is waived and cannot be enforced thereafter. See sec. 1532 Laws 1906. If we understand the law applicable to this case taking all the facts into consideration, where the relator claims to be holding the petitioner and appellant by virtue of a writ and upon the hearing of the case fail to file a copy as the law requires, fail to produce the original upon the hearing of the case, it is shown clearly that the appellant has satisfied two sentences from the same court in which this conviction originated which two convictions originated after the one in question, the presumption of law is that the convict has satisfied said sentence and that the burden is upon the appellee to show by producing the authority by which he detained the petitioner and appellant. Appellant rested his case at the close of the testimony for the state and respondent as the burden was upon them to prove lawful authority for the detention of appellant which they failed to do.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

Counsel is in error about the construction of the law and he could not be entitled to be enlarged from restraint because the convict manager permitted him to work out one fine before he did another. On the contrary, section 1154 of the Code, makes it a crime for any officer having charge of a person charged with a criminal offense lawfully committed to jail and ordered to be confined therein who shall suffer any person lawfully committed to his custody to escape and go at large, either wilfully or negligently; and section 1155 of the Code of 1906 provides that convicts recaptured shall not be given credit for time, and that he may be retaken and shall remain imprisoned until he has served as a convict the entire length of time which he would have been required to serve if he had not escaped, and until tried for such escape, or until discharged, on a failure to prosecute therefor. Section 2447, of the Code of 1906 under chapter on *habeas corpus,* provides that where the relator is held by virtue of proceedings against him for crime which are invalid, the judge shall not discharge the relator because thereof, but he shall investigate the facts; and if it be found that he ought to be held for any crime alleged against him the judge shall not discharge him but shall commit him or require bail, according to the nature of the case.

Substantially the same controversy, or rather an analogous case recently decided in this court is the case of *Ex parte* Bill Grayson, reported in 61 Southern, 306. In that case, Grayson contended that his giving a note for his fine and cost and being released by the sheriff satisfied the judgment, and that he could not be recommitted on another mittimus, but the court held the contrary, and held that he was to be treated just as though he was an escaped convict. In this case, the appellant had a legal right to a statement of the time when his

sentence would be discharged, but that was not conclusive of the right of the officer to hold him. It may be that the sheriff, or convict manager would be liable for prosecution for failure to furnish the convict with a statement of his time as provided by law, but it would not give him his liberty because they failed to furnish him such a statement.

Section 1516 of the Code of 1906 expressly provides that convicts are committed until the fine and cost are paid in all cases where less than capital punishment has been inflicted, and under that section it would not be within the power of the officer to discharge the prisoner. This section fixes the time that he shall serve and nothing short of that serving or a pardon by the governor will entitle him to his liberty.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree of a chancellor dismissing the writ of *habeas corpus* and remanding relator to custody. The writ was directed to the county convict manager, and, while he seems to have produced relator's body in response thereto, he failed to file a return or answer, as required by section 2459 of the Code.

Counsel for relator in his brief states that he objected, without disclosing the method thereof, to any further proceeding unless this return or answer should be filed. An examination of the record, however, fails to disclose that any objection or protest of any character was interposed by him, and, since the decree must be reversed on another ground, we will express no opinion upon the effect of the absence from the record of this return or answer.

It seems that relator was convicted before a justice of the peace in Perry county, in February, 1911, on a charge of larceny, and sentenced to pay a fine and serve a term of imprisonment. After being delivered to the custody of the present convict manager's predecessor, he es-

caped, but was afterwards recaptured, and then tried and convicted before the same justice of the peace upon two other charges, gaming and escaping from custody, and in one sentenced to pay a small fine, and in the other to a fine and imprisonment.  Under these last two sentences relator was delivered to the custody of the present county convict manager, and relator has been in his custody for a sufficient length of time to satisfy these two last sentences.  The convict manager continued, however, to detain relator in custody for the unexpired time of the first sentence imposed, and this proceeding was instituted by him to obtain his liberty.

Section 13, ch. 109, Laws of 1908, is as follows: "On delivery of every convict the sheriff or marshal, or head police officer of the municipality shall give to the person entitled to his custody a warrant of detention as authority for the detention of the convicts, unless he pay out before that time until a certain day, and such warrant shall set out that on the day named he shall discharge him and deliver to him the warrant with endorsement thereon that the convict has been duly discharged and such warrant shall be the sole authority of any person to detain a convict in custody."  Section 15 of this act provides that "the sheriff on delivering each convict shall give him a written memorandum of the date on which he is to be discharged, and he shall be entitled to have and keep it about his person at all times."

The manager failed to produce a detention warrant authorizing him to hold relator under any one of his convictions, and stated that no such warrant under relator's first conviction was ever delivered to him, and that he had no knowledge of one ever having been issued. The justice of the peace was introduced, and the record of these convictions introduced in evidence.  The sheriff was then introduced, and testified "that the custom for making out detention warrants was for the sheriff to use a blank book containing a form of detention warrant in

triplicate, the original being delivered in any particular
case to the convict manager, one duplicate turned over to
the clerk of the board of supervisors, and the third kept
in said book, without being torn out, as a record in the
sheriff's office; that carbon was used in filling out the de-
tention warrants, so that each duplicate was made with
the same stroke of pen or pencil as the original; that the
records in his office showed the detention warrant issued
in February, 1911, by Walter Myers, sheriff, to E. M.
Combs, convict manager, authorizing the detention of
Frank Moody on said charge of larceny, and witness
thereupon produced, at the request of the trial judge,
the duplicate of said detention warrant and introduced
same in evidence. Witness stated that it was in the
handwriting of Walter Myers, sheriff, and that he well
knew said handwriting.

Myers was the witness' predecessor in office, and
Combs was the present convict manager's predecessor.
This evidence was introduced, we presume, for the pur-
pose of proving that a detention warrant had, in fact,
been issued and delivered to the county convict manager.
Assuming, but not deciding, that such proof, if made,
would meet the demands of the statute, this evidence is
insufficient for that purpose. It will be observed that
the sheriff's testimony simply tended to prove that a de-
tention warrant was made out by his predecessor, but
wholly failed to even indicate that it was in fact deliv-
ered to the county convict manager. Under the statute
hereinbefore cited such a warrant is the *sole authority*
under which a county convict manager can detain a con-
vict in custody, and, in the absence of such a warrant
here, relator was entitled to his discharge. *"Ita lex
scripta est."*

It is said, however, by counsel for the state, that under
section 2447 of the Code relator is not entitled to his dis-
charge, even though he is being unlawfully held in cus-
tody by the county convict manager, for the reason that

it appears from the evidence that he has not served out the sentence imposed upon him by the justice of the peace. In this counsel are in error. Before the court can inquire into whether or not there is a valid and unexecuted sentence outstanding against relator, the party holding him in custody must produce a detention warrant; without it, all further inquiry is closed.

Reversed, and judgment here discharging relator from custody.

*Reversed.*