Ex Parte Moody.

[83 South. 529, In Banc. No. 21060.]

1. Criminal Law. *Duplicate detention warrant sufficient for detention of convict.*

Under Hemingway's Code, sections 4015, 4016, 4025, Laws 1908, chapter 109, relating to detention of convicts, a duplicate detention warrant issued by the sheriff to a county convict manager after the original detention warrant has been sent out, of the state at the time the convict escaped and was not returned, was sufficient authority for the convict's detention, where the duplicate was an exact copy of the original.

2. Same.

If a detention warrant is lost or accidentally destroyed, a duplicate can be issued.

3. CRIMINAL LAW. *The period while a convict is at large will not be included in calculating the expiration of his sentence.*

Even though two years be the limit for which a convict may be held, he is not entitled to have the time which elapsed during his period of escape counted in the making of a two year period.

APPEAL from he circuit court of Perry County.
HON. R. S. HALL, Judge.
*Habeas corpus* proceedings by Frank Moody. From a judgment denying the writ, the petitioner appeals. The facts are fully stated in the opinion of the court.

*D. K. McDonald,* for appellant.

*Ross A. Collins,* Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

Frank Moody, appellant, filed a petition for writ of *habeas corpus,* alleging that he is unlawfully deprived of his liberty by the convict manager of Perry county, and that he had demanded of the said convict manager in person and by attorney his authority for detaining petitioner, and that the said convict manager had failed and refused the same. The convict manager answered that he held the said Frank Moody by virtue of his detention warrant issued upon a conviction upon a plea of guilty on which the said Frank Moody was sentenced to pay the sum of one hundred dollars and serve five months in jail; that said detention warrant was issued the 13th day of April, 1913; and that said Frank Moody escaped on the 13th day of August, 1915, and was captured within the said county after the Governor had issued a requisition on the Governor of Louisiana, which requisition was duly honored, and Frank Moody was placed back in prison on the 28th day of October, 1919. A petition for *habeas corpus* was sworn to on the 12th day of November, 1919. A

detention warrant made exhibit to the answer of the convict manager, omitting the formal parts, reads as follows:

"You are hereby authorized to detain Frank Moody in your custody until the 22d day of July, 1917, at 12 o'clock m., unless he pay out before that time, he having been on the 8th day of April, 1915, convicted of petit larceny by circuit court of said county, and sentenced to pay a fine of one hundred dollars, costs seventy three dollars and eighty-five cents, and to serve one hundred and fifty days in jail."

The warrant was dated the 10th day of April, 1915. The convict was receipted for on the same day. The detention warrant issued to the convict manager was sent to the Governor to be used with the requisition, and it was sent to Louisiana and was not returned, and the sheriff, on the recapture of Moody, issued an exact copy of the original detention warrant and turned it over to the convict manager, and he was held under such duplicate, or copy, of the original detention warrant. The sheriff testified that it was an exact copy of the original. It further appears that the convict manager had been changed in said county during the period of escape, and that the present convict manager at the time of the escape was a guard.

It is contended that the duplicate or copy of the detention warrant is not sufficient to meet the requirements of law, and, second, that the warrant issued was void because it authorized the detention of the convict for a longer period than two years.

Section 4015, Hemingway's Code, Chapter 109, Laws 1908, provides:

"If a convict be sentenced to imprisonment to the county jail, or to such imprisonment and the payment of a fine, or the payment of a fine, he shall be committed to jail, there to remain in close confinement for the full time specified for imprisonment in

the sentence of the court, and until the fine, costs and jail fees be paid, unless discharged by due course of law or as herein provided; this section subject to the later provisions of this act."

Section 4016, Hemingway's Code, chapter 109, Laws of 1908, provides:

"The board of supervisors of the several counties of the state may dispose of the county prisoners in the following manner and no other, viz.: They may be worked on a county farm, or farms; they may be kept in jail, or they may be worked on the public roads, or any other work of an exclusive public character, but never under a contractor, and only under exclusive official control and management."

Other sections of the act provide for classification of convicts and rate of wages which are to be allowed convicts while they work, which is fixed between eight dollars and twenty dollars a month for first class convicts.

Section 4025, Hemingway's Code, chapter 109, Laws 1908, provides:.

"On delivery of every convict the sheriff or marshal, or head police officer of the municipality shall give to the person entitled to his custody a warrant of detention as authority for the detention of the convict, unless he pay out before that time until a certain day, and such warrant shall set out that on the day named he shall discharge him and deliver to him the warrant with indorsement thereon that the convict has been duly discharged and such warrant shall be the sole authority of any person to detain a convict in custody.".

It is insisted by the appellant that the case of *Ex parte Moody*, 104 Miss. 836, 61 So. 741, is authority for the proposition that he could only be held by having the original detention warrant. After setting out the facts showing that the sheriff's predecessor in

office was Myers, and that the jail docket showed the detention warrant issued to the convict manager, but that there was no proof of actual delivery of the detention warran to the convict manager, the court said:

"This evidence was introduced, we presume, for the purpose of proving that a detention warrant had, in fact, been issued and delivered to the county convict manager. Assuming, but not deciding, that such proof, if made, would meet the demands of the statute, this evidence, is insufficient for that purpose. It will be observed that the sheriff's testimony simply tended to prove that a detention warrant was made out by his predecessor, but wholly failed to even indicate that it was in fact delivered to the county convict manager. Under the statute hereinbefore cited, such a warrant is the sole authority under which a county convict manager can detain a convict in custody, and in the absence of such a warrant here, relator was entitled to his discharge."

In the present case it clearly appears that the original warrant was delivered by the sheriff to the convict manager, and that the original warrant after the escape was sent to the Governor of Louisiana, and not returned, and that a duplicate was issued by the sheriff and turned over to the convict manager on Moody's recapture. We think this is a sufficient compliance with the law. It was never contemplated that, if the detention warrant should be lost or accidentally destroyed, another could not be issued. Such loss or destruction would not release the convict from custody, but a duplicate or alias could be issued. We do not think the detention warrant was void because it authorized the detention to continue beyond two years from its date. The convict after serving five months was entitled to pay the fine and costs, and at any time thereafter to do so and be discharged. Before he had served two years, he escaped and has not been

in the service of the convict manager, nor in the county jail for a period of two years. Conceding that two years is the limit which he might be held for the purpose of this case, his right to a discharge would not accrue until he had been in custody for two years. He is not entitled to have the time which elapsed during his period of escape counted in the making of a two-year period. The trial court having reached the same conclusion, the judgment will be affirmed.

*Affirmed.*

STEVENS, J. (specially concurring).

I fully concur in the conclusion and the opinion of the court in this case, but fail to perceive any material difference between this case and the prior case of *Ex parte Moody,* 104 Miss. 836, 61, So. 741, relied upon by appellant as controlling. In the case relied upon, it affirmatively appeared from the evidence that the sheriff in making out detention warrants made use of "a blank book containing a form of detention warrant in triplicate, the original being delivered in any particular case to the convict manager, one duplicate turned over to the clerk of the board of supervisors, and the third kept in said book, without being torn out, as a record in the sheriff's office;" and that the custom was "that carbon was used in filling out the detention warrants, so that each duplicate was made with the same stroke of pen or pencil as the original." It further affirmatively appeared:

"That the records . . . showed the detention warrant issued . . . by Walter Myers, sheriff, to E. M. Combs, convict manager, authorizing the detention of Frank Moody on said charge of larceny, and witness thereupon produced, at the request of the trial judge, the duplicate of said detention warrant and introduced same in evidence." And that this dupli-

cate "was in the handwriting of Walter Myers, sheriff, and that he well knew said handwriting."

In other words, in the prior case an exact duplicate constituting an official record in the sheriff's office was produced and introduced, and there was no suggestion from any source that the original had never been delivered. Notwithstanding the showing there made, the court concluded that: "Under the statute hereinbefore cited such a warrant is the sole authority under which a county convict manager can detain a convict in custody, and, in the absence of such a warrant here, relator was entitled to his discharge. '*Ita lex scripta est.*'"

In the prior case, as in the present case, it appeared that there had been a change in convict managers, and evidently on this account the original warrant could not be conveniently produced. I think, however, the prior decision was erroneous and should be overruled, and for that reason should not control the present inquiry. Surely a convict manager does not lose his prisoner simply because he loses the written document under which the prisoner is detained, any more so than a freeholder would lose his land simply because his deed of conveyance is lost or destroyed.